CHARLES J. SCHUCK, Judge.
Claimant John W. Bess, of Montgomery, West Virginia, prosecutes his claim against the state road commission for personal injuries to himself and damages to his automobile occasioned by a collision between his car and that of another automobile stopped on the highway immediately in front of the claimant’s; said second automobile being in a line of several cars, all stopped to permit a state road *84 truck to turn on the highway at a point where it was to be loaded with ground, dirt and debris being removed from a ditch adjacent to and parallel with the highway. Negligence and carelessness in the operation of the state truck is alleged as the basis for the claim here presented. The accident happened on highway route U. S. No. 60, near Dickinson, Kanawha county, on or about July 24, 1946, shortly after one o’clock p. M. of the day in question.
The testimony shows that a line of four or five automobiles following the state road truck and all traveling in an easterly direction on the said highway had reached the place or point where the truck was to turn to be reloaded and while said line of cars were stopped to allow the state truck to pull out of the line of traffic, claimant’s automobile, also traveling eastward on the said highway, crashed into the rear car of said line causing serious damages to both automobiles and claimant alleges causing personal injuries to himself. Claimant maintains that while he saw signs “Men working” before he had reached the point of collision, yet there was no flagman to warn him of the stopped line of automobiles or to indicate that the state truck was about to make a turn on the highway at a point shortly ahead.
We are of the opinion that the testimony of the several witnesses shows, first, that a flagman was present to warn, and did warn, automobile drivers of the road operations in question, and that the flagman was stationed at a proper place to give the necessary warning to east bound traffic, and that claimant seemingly paid no attention to him; second, that the day was bright, visibility good and the highway dry, and that from the very nature of the accident, it being a rear-end collision, claimant did not have his car under the proper and necessary control and therefore was negligent and careless in its operation; third, that there is no evidence before us upon which we could predicate the charge of negligent and improper handling or operationg of the truck which, we repeat, is the basis for this claim, but on the contrary we find the testimony *85 to be that the truck was still in the line of traffic when the collision took place and that its operation in no manner contributed directly or indirectly to the claimant’s accident. In view of these findings, it is obvious that an award must be refused. Fortunately claimant was not seriously injured. He so testified himself; seemingly he suffered very little pain or inconvenience.
For the reasons herein set forth an award is refused.